### OVERSTREET v. ATLANTIC COAST LINE R. R. CO.
No. 60-758-L.

Circuit Court, Duval County.

June 29, 1962.

Howell, Kirby, Montgomery & Sands, Jacksonville, for plaintiff.

Ragland, Kurz, Toole & Martin, Jacksonville, for defendant.

WILLIAM H. MANESS, Circuit Judge.

By her amended complaint filed August 10, 1960, plaintiff, Beulah Mae Overstreet, as administratrix of the estate of Willie Lee Overstreet, is seeking to assert the rights granted the personal representative of a deceased railroad employee under the FELA. This court upheld the sufficiency of the amended complaint to state a cause of action as against a motion to dismiss. In its answer to the amended complaint the defendant-railroad-employer asserts as a fourth defense that on May 13, 1960, prior to the filing of this suit on June 10, 1960, the plaintiff executed and delivered to defendant a general release (attached thereto) by which the plaintiff released the alleged cause of action both in her individual and representative capacities.

Thereafter, at the request of counsel for plaintiff, the court ordered a reply to the fourth defense and in her reply plaintiff asserted facts which purport to show that the release was obtained by overreaching and misrepresentation practiced by defendant's employee upon plaintiff.

It is undisputed, that — (1) plaintiff signed the alleged release and received the sum of $6,000 therefor; and, (2) that plaintiff still retains such sum and has failed to tender the return of the same to defendant. She has by her amended pleadings offered to "credit the sum of $6,000 . . . on any verdict or judgment entered for plaintiff".

On defendant's motion, this court, by order entered April 5, 1962, struck plaintiff's reply as amended and directed that unless the plaintiff should return or tender the return of the $6,000 on or before June 1, 1962, this court would entertain a motion by defendant to dismiss this cause on the grounds that the alleged cause of action has been released and discharged as asserted in defendant's fourth defense.

To date the $6,000 has not been returned and has not been tendered and the matter is now before the court on defendant's motion, filed June 4, 1962, to dismiss for the reason stated in the said order of April 5, 1962.

The question whether plaintiff must, as a condition precedent to the further maintaining of this action and the litigation of the validity of the release, return or tender the return of the consideration for the release, was fully argued and briefed prior to the entry of the order of April 5, 1962. It now clearly appears that plaintiff will not or cannot make the required tender.

This is not a case where any doubt exists as to the injury or damages. Neither is this a case within the scope of 45 U.S.C. Sec. 55 which declares invalid any contract or device to exempt a common carrier from any liability placed on it by the FELA, and under which a line of cases hold only an *offer to credit* sufficient to maintain an action. See Irish v. Central Vermont Ry., 2 Cir. 1947, 164 F. 2d. 837, 840. This is a death case, a fact known initially and thereafter to all concerned in this litigation. There can be no application of the authorities on unilateral and/or mutual mistake of fact type cases. Those cases are not applicable here. The only possible basis upon which an attack could be made upon the release taken in this case is that of fraud in its procurement and execution.

Since the substantive and procedural rights involved in an attack upon a contract of compromise and release in an FELA case are governed by the same general principles that apply to other contracts, the general principle which requires the return of the fruits of the contract before it can be attacked for fraud is applicable, also there can be no attack upon the release in question on grounds of fraud without a tender of the consideration for the release under attack. Collett v. Louisville & N. R. Co., 81 F. Supp. 428; Vandervelden v. Chicago & N. W. Ry. Co., 61 Fed. 54; Hill v. Northern Pacific Railroad Company, 113 Fed. 194; and Patterson v. Cinn., N. O. & T. P. Ry. Co., 5 Fed. Supp. 595.

Accordingly, it is considered, ordered and adjudged that defendant's motion to dismiss should be and the same is granted and plaintiff's complaint is dismissed with prejudice, and defendant shall go hence without day and recover of and from the plaintiff its costs expended herein, to be taxed pursuant to motion and notice and for which costs, when taxed, let execution issue.